**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS HUMBERTO DE LEON-
DELGADO,

Defendant - Appellant.

No. 08-2024

(D. New Mexico)

(D.C. No. 2:07-CR-01811-JB)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Defendant and appellant Luis Humberto De Leon-Delgado pled guilty to

one count of illegal reentry by a previously deported alien, in violation of

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

8 U.S.C. § 1326(a)(1), (2) and (b)(2). During the plea colloquy, the court specifically told De Leon-Delgado that he could receive a sentence of up to twenty years. De Leon-Delgado indicated that he understood the charges against him, that he had discussed his case with his attorney, that he was satisfied with his attorney's representation, and that his plea of guilty was voluntary.

In preparation for sentencing, the United States Probation Office prepared a presentence report (PSR). The PSR revealed that De Leon-Delgado had previously been deported following a conviction for conspiring to transport illegal aliens. With a total adjusted offense level of 21 and a criminal history category of III, the advisory sentencing range under the United States Sentencing Commission, Guidelines Manual (USSG), was forty-six to fifty-seven months.

De Leon-Delgado filed a sentencing memorandum, in which he requested a sentence of twelve months, either as a variance pursuant to the 18 U.S.C. § 3553(a) factors or because a criminal history category III overrepresented his criminal history. After concluding that a criminal history category III did, indeed, substantially overstate De Leon-Delgado's criminal history, and because the court believed that a variance pursuant to the § 3553(a) factors was appropriate, the court sentenced De Leon-Delgado to a below-Guidelines sentence of thirty-four months. He seeks to appeal that sentence.

De Leon-Delgado's appointed counsel, James Baiamonte, has filed an Anders brief and has moved to withdraw as counsel. See Anders v. California,

386 U.S. 738 (1967). De Leon-Delgado has not filed a response, and the government has declined to file a brief. We therefore base our conclusion on counsel's brief and our own careful review of the record. For the reasons set forth below, we agree with Mr. Baiamonte that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

"We review sentences for reasonableness under a deferential abuse of discretion standard." United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008) (citing Gall v. United States, 128 S. Ct. 586, 591 (2007)). "Reasonableness review is comprised of a procedural component and a substantive component." Id. Procedural unreasonableness occurs "if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence." Id. A sentence is substantively unreasonable if its length "is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." Id.

Furthermore, if a district court decides to grant a variance from the advisory Guidelines sentencing range, as the court did in this case, "we generally defer to its decision to grant . . . a variance based upon its balancing of the § 3553(a) factors." Id. We will only conclude that the district court abused its discretion "when it renders a judgment that is arbitrary, capricious, whimsical, or

manifestly unreasonable." United States v. Munoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008) (internal quotations omitted).

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744). As indicated, De Leon-Delgado's counsel has filed his Anders brief in this appeal, to which neither De Leon-Delgado nor the government has responded.

We agree with counsel that there is no nonfrivolous issue related to De Leon-Delgado's sentence which could form the basis for an appeal. We have carefully reviewed the record, and can discern no procedural or substantive unreasonableness with the sentence or the way it was calculated and imposed.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge